UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------
JOSEPH H. TOWER,

                              Plaintiff,

        v.                                                                14-CV-1183
                                                                                (GTS/CFH)
ANDREW CUOMO, Governor, et al.,

                              Defendants.
----------------------------------------------------------------

**APPEARANCES:**                                **OF COUNSEL:**

JOSEPH H. TOWER
Plaintiff Pro Se
163 Brayton Hill Terrace
North Adams, Massachusetts 01247

**CHRISTIAN F. HUMMEL**
**United States Magistrate Judge**

## REPORT-RECOMMENDATION AND ORDER

The Clerk has sent to the Court a civil rights complaint brought by pro se plaintiff Joseph Tower ("Tower") pursuant to 42 U.S.C. § 1983. Compl. (Dkt. No. 1). Tower has not paid the filing fee and instead seeks permission to proceed with this matter in forma pauperis ("IFP"). Dkt. No. 2.

## I. DISCUSSION

### A. Application to Proceed IFP

Tower has submitted an IFP Application. After reviewing the entire file, the Court finds that plaintiff's financial status qualifies him to file this action without prepaying in full the

$400.00 filing fee.[1]  Plaintiff's request to proceed IFP in this action is therefore granted.

## B. Allegations Contained in the Complaint

Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed in forma pauperis, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).  Thus, it is a court's responsibility to determine that a plaintiff may properly maintain his complaint before permitting him to proceed further with his action.

Tower brings this action pursuant to 42 U.S.C. § 1983.  An action commenced pursuant to 42 U.S.C. § 1983 requires proof of the "deprivation of any right[], privilege[], or immunit[y] secured by the Constitution" or laws of the federal government.  42 U.S.C. § 1983; see also German v. Fed. Home Loan Mortg. Corp., 885 F. Supp. 537, 573 (S.D.N.Y. 1995) ("Section 1983 establishes a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States.") (quotations omitted).

Tower's complaint states that in April of 1984 he was charged with and sentenced to two to six years imprisonment for reckless endangerment and criminal possession of a

---

[1] The total cost for filing a civil action in this court is $400.00 (consisting of the civil filing fee of $350.00, see 28 U.S.C. § 1914(a), and an administrative fee of $50.00).  A party granted in forma pauperis status is not required to pay the $50.00 administrative fee; however, a prisoner granted in forma pauperis status is required to pay, over time, the full amount of the $350.00 filing fee, regardless of the outcome of the action.  See 28 U.S.C. § 1915(b)(3).

2

weapon.  Compl. at 2.  In December of 1984, Tower alleges that he was framed by defendant Chase for assault.  Id. at 2-3.  Tower was indicted and ultimately pled guilty to attempted assault and was sentenced to one and a half to three years by Green County Court.  Id. at 3.  Tower was released from prison on November 28, 1988.  Id.  Tower entered into a settlement with the State of New York for an undisclosed amount in 1990.  Id.  It is unclear what the terms of the settlement were or to what underlying events the settlement was related.  Tower contended that there was an error in his sentencing by Green County Court.  Id.  Tower also contends that he has "suffered emotionally for years because . . . [defendant] Chase has framed [him in 1984] . . . ."  Id.  Tower seeks $30 million in damages.  Dkt. No. 1-1.

Tower's complaint should be dismissed for multiple reasons.  First, these claims and any proposed amendment thereof are futile because the statute of limitations has expired. While there is no statute of limitations provision in § 1983, § 1988 provides that state law may apply if not inconsistent with the Constitution or federal law.  42 U.S.C. § 1988(a) (2003); Moor v. County of Alameda, 411 U.S. 693, 702-03 (1973).  In New York, the applicable statute of limitations for a § 1983 suit is the three-year period governing suits to recover upon a liability created or imposed by statute. See Owens v. Okure, 488 U.S. 235, 249-51 (1989); Romer v. Leary, 425 F.2d 186, 187 (2d Cir. 1970); N.Y. C.P.L.R. 214(2) (McKinney 2003).  Federal law governs the determination of the accrual date for purposes of a § 1983 claim.  Pearl v. City of Long Beach, 296 F.3d 76, 80 (2d Cir. 2002).  The claim accrues "when the plaintiff knows or has reason to know" of the harm.  Id. (citations omitted).  "The crucial time for accrual purposes is when the plaintiff becomes aware that he [or she] is suffering from a wrong for which damages may be recovered in a civil action."

3

Singleton v. City of New York, 632 F.2d 185, 192 (2d Cir. 1980).

Accordingly, Tower's complaint needed to be filed on or before December of 1987 as his claims began to accrue when he was allegedly framed by defendant Chase in December of 1984. As Tower did not bring the instant action until 2014, a near thirty years after the date of accrual, the action should be dismissed, and any suggestion to provide leave to amend deemed futile, based on the statute of limitations. See Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000) (finding leave to replead would be futile where the complaint, even when read liberally, did not "suggest[] that the plaintiff has a claim that she has inadequately or inartfully pleaded and that she should therefore be given a chance to reframe").

Second, the Supreme Court has held that

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). Tower's claims regarding the inappropriateness of his criminal charges, prosecution, and ultimate plea, or anything else which stemmed from it, represent challenges that fall squarely within the ambit of Heck. Accordingly, were Tower to succeed on any theory espoused above, he would necessarily call into question the validity of his sentence. While Tower discusses a settlement with the State of New York, he fails to articulate what that settlement was in relation to. Accordingly,

the undersigned will not presume that the settlement had any bearing on the status of Tower's guilty plea. As such, all of these claims are barred because he has failed to show that the sentence has been overturned. See Duamutef v. Morris, 956 F. Supp. 1112, 1115-18 (S.D.N.Y. 1997) (dismissing § 1983 claims of malicious prosecution, false arrest, perjury, retaliation, and civil rights conspiracy under Heck where the plaintiff's underlying conviction had not been overturned). Accordingly, such claims would be barred under Heck and dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) is recommended as Tower's complaint lacks an arguable basis in law.

In light of Tower's pro se status, an opportunity to amend would generally be recommended prior to outright dismissal. However, in this instance, Heck bars any claims unless or until the invalidation of Tower's sentence. This has yet to happen; therefore, amendment is futile and unnecessary. See Cuoco, 222 F.3d at 112.

## II. Conclusion

**WHEREFORE**, it is hereby

**ORDERED**, that Tower's motion to proceed In Forma Pauperis (Dkt. No. 2) is **GRANTED**;[2] and it is further

**RECOMMENDED**, that pursuant to the Court's review under 28 U.S.C. § 1915, Tower's complaint be dismissed as barred by Heck v. Humphrey, 512 U.S. 477, 486-87 (1994) and the statute of limitations; and it is further

---

[2] Plaintiff should note that although his in Forma Pauperis Application has been granted, Plaintiff will still be required to pay fees that he may incur in this action, including copying and/or witness fees.

5

**ORDERED** that the Clerk serve a copy of this Report-Recommendation and Order on the parties in accordance with the Local Rules.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court "within fourteen (14) days after being served with a copy of the . . . recommendation." N.Y.N.D.L.R. 72.1(c) (citing 28 U.S.C. §636(b)(1)(B)-(C)). **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Small v. Sec'y of HHS, 892 F.2d 15 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

**IT IS SO ORDERED.**

Date: October 2, 2014
       Albany, New York

Christian F. Hummel
U.S. Magistrate Judge